## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

THE BANK OF NEW YORK,      **:**

as Trustee for the holders of the

EQCC Asset Backed Certificates,    **:**

Series 2001-2

                                        **:**

      Plaintiff,                   Case No.  3:07CV106

                                        **:**

 vs.                             District Judge Walter Herbert Rice

                                      **:**    Magistrate Judge Sharon L. Ovington

CHARLES D. STARGELL,

SR., *et al*.,               **:**

      Defendants.        **:**

---

## REPORT AND RECOMMENDATIONS[1]

---

    This private foreclosure action is before the Magistrate Judge pursuant to the Court's General Order of Assignment and Reference effective July 20, 2007.

    The Clerk of Court has entered, pursuant to Fed. R. Civ. P. 55(a), the default of Defendants Charles D. Stargell, Sr.; Hermaletta E. Stargell; Ford Motor Credit Company; and Asset Acceptance, LLC, due to their failure to plead or otherwise respond to the Complaint. (Doc. #15).  Consequently, Plaintiff's presently pending Motion for Default Judgment (Doc. 19), to which Defendants have not responded, is ripe for resolution.  A Motion for Default Judgment is a dispositive motion requiring a recommended disposition from a Magistrate Judge.  *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999).

---

    [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

The real property that is the subject of this foreclosure action (the "Property") is the following:

> Situated in the County of Monroe, State of Ohio and in the City of Trotwood:
>
> And being Lot Numbered Sixty-three (63) Westbrooke Village, Section Two (2) as recorded in Plat Book 90, Page 69 of the plat records of Montgomery County, Ohio.
>
> The street address of the Property is 5580 Olive Tree Drive, Trotwood, Ohio 45426.

In the absence of a response to Plaintiff's Motion for Default Judgment, Plaintiff has established that the Defendants (the "Defendants") against whom default judgment is sought have been properly served with Summons and the Complaint. The record establishes that more than twenty days have elapsed since service of Summons and Complaint and that the Defendants have failed to file an answer or otherwise respond to the Complaint. Consequently, although the federal courts generally prefer to adjudicate cases on their merits, Default Judgment is presently warranted against the Defendants. *See* Fed. R. Civ. P. 55(a), (b)(2).

It further appears that Plaintiff has filed the documentation required by the Court's General Order 07-03. In consideration of the record as a whole, including Plaintiff's unopposed Motion for Default Judgment and attached Exhibits (Doc. #16) and Plaintiff's Final Judicial Report (Doc. #18), Plaintiff has established the following: Charles D. Stargell, Sr. executed a promissary note (the "Note") referenced in the Complaint and therefore promised, among other things, to make monthly payments on or before the date such payments were due. Plaintiff is the owner and holder of the Note and the sums due under the Note were accelerated in accordance with the terms of the Note and the Mortgage (the "Mortgage") referenced in the Complaint. Charles D. Stargell, Sr. and Hermaletta E. Stargell executed and delivered the Mortgage, Plaintiff is the owner and holder of the Mortgage, and the Mortgage secures the amounts due under the Note.

2

The Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made.  The conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

There is due and owing on the Note principal in the amount of $88,469.60 plus interest at the rate of 11.375 % per annum from November 2, 2006.  The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific items is prohibited by Ohio law.

Wright-Patt Credit Union, Inc. and the State of Ohio, Bureau of Workers' Compensation have filed Answers in this case claiming an interest in the Property.  Such interests are inferior and junior in priority to the Mortgage.  Such interests shall transfer to the proceeds of the sale of the Property, and all defendants who have filed an Answer claiming an interest in the Property shall have the right to seek payment from the proceeds of the sale of the Property.  Such interests shall be released from the title to the Property upon confirmation of the sale to ensure that the buyer obtains title to the Property free and clear of all interests.

The Mortgage that was recorded with the County Recorder is a valid and subsisting first mortgage on the Property.  The parties to the Mortgage intended that it attach to the entire fee simple interest in the Property.  The Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments.  All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale

before any distribution is made to other lien holders.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion for Default Judgment (Doc. #16) be GRANTED;

2.      Unless the sums found to be due to Plaintiff are fully paid within the time allowed by law, the equity of redemption of the Defendant title holders be foreclosed and the Property be sold free of the interests of all parties to this action subject to redemption under law;

3.      The Court appoint a Special Master from the Court's approved list of Special Masters for foreclosure actions and direct the Special Master to appraise, advertise, and sell the Property according to the law and the Orders of this Court and to report his proceedings to this Court, giving notice of the time and place of the sale of the Property to all persons who have an interest in the Property pursuant to Ohio Revised Code §2329.26; and,

4.      Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Montgomery County Recorder and Clerk of Court directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.


October 29, 2007                                        s/ Sharon L. Ovington
                                                          Sharon L. Ovington
                                                      United States Magistrate Judge


4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).